IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00520-G (BT) |
| | § | |
| TRANSAMERICA LIFE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Lawrence E. Hicks claims that defendant Transamerica (Transamerica) Life Insurance Company breached its contract with him and its fiduciary duty to him by not accepting or returning a purported negotiable instrument that he unilaterally sent the company as "accord and satisfaction" for his obligations under a life insurance policy. *See* ECF No. 3 at 1.[1] Hicks seeks "special performance" of the contract and restitution damages. ECF No. 3 at 2.

For the following reasons, the Court lacks subject matter jurisdiction over Hicks's claims, and this case should be dismissed without prejudice. Alternatively, Hicks's claims should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

---

[1] Pursuant to 28 U.S.C. § 636(b) and a standing order of reference, this case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate.

## Legal Standards and Analysis

1. <u>The Court lacks subject matter jurisdiction over Hicks's claims.</u>

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, (federal question jurisdiction); or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332, (diversity jurisdiction).

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship,*

2

516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Finally, federal courts may exercise "supplemental jurisdiction" over claims lacking in subject matter jurisdiction when those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right

to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.,* 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

Viewed against these standards, Hicks has not established federal question jurisdiction. He does not allege a federal cause of action.[2] Instead, he brings state-law claims for breach of contract and breach of fiduciary duty. And because there is no indication that either of those claims necessarily turns on a disputed federal issue, they do not establish federal question jurisdiction. *See, e.g., Singh v. Duane*

---

[2] Hicks does cite the Federal Reserve Act and the Truth in Lending Act in the civil cover sheet. ECF No. 3 at 28. But merely citing a federal statute does not establish federal question jurisdiction where no facts are alleged in the complaint that could demonstrate a violation of the cited statute. *See, e.g., Howard v. Office of the Special Deputy Receiver,* 2022 WL 617627, at *5 (N.D. Tex. Feb. 14, 2022), *rec. accepted* 2022 WL 614994 (N.D. Tex. Mar. 1, 2022), *aff'd* 2022 WL 2255708 (5th Cir. June 23, 2022).

*Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008) (explaining that a state-law claim only confers federal question jurisdiction where "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities").

Hicks also fails to establish diversity jurisdiction. He fails to allege that his citizenship is diverse from Transamerica's. Indeed, he fails to allege Transamerica's citizenship at all.[3] All he alleges is that he is a resident of Texas, and that Transamerica is registered to do business in Texas.

Because the Court lacks subject matter jurisdiction, it should dismiss Hicks's case without prejudice.

2. <u>Alternatively, Hicks fails to state a claim upon which relief can be granted.</u>

Even if the Court has jurisdiction over Hicks's state-law claims, they are meritless and fail a preliminary review under 28 U.S.C. § 1915(e)(2).

Because Hicks proceeds *in forma* pauperis, his claims are subject to judicial screening under Section 1915(e)(2), which requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of

---

[3] To the extent that Transamerica is a corporation, to adequately allege its citizenship, Hicks would have to allege its state of incorporation and principal place of business. *See, e.g.*, *Getty Oil Corp., a Div. of Texaco, Inc., v. Insurance Co. of North Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). He does neither.

Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren,* 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Starting with the breach of contract claim, to assert breach of contract under Texas law, the plaintiff must establish "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *U.S. Bank Nat'l Ass'n v. Richardson,* 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (citations omitted).

Hicks fails to plausibly allege those elements. He states that he has a life insurance policy with Transamerica. But he does not plausibly allege that he performed under the contract while Transamerica breached it. All that he alleges is that he sent a notarized letter (which he characterizes as a negotiable instrument) to Transamerica informing it that it was an "accord and satisfaction as a performance to the contract," which Transamerica "refused to carry out." ECF No. 3 at 1-2.

Under Texas law, "[a]s a defense to a claim based upon a contract, [accord and satisfaction] exists when the parties have entered into a new contract, express or implied, which discharges the obligations under the original contract in a manner otherwise than as originally agreed." *Womco, Inc. v. Navistat Int'l Corp.*, 84 S.W.3d 272, 280 (Tex. App.—Tyler 2002, no pet.) (citing *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979)). A valid accord and satisfaction requires an "unmistakable communication" establishing that performance according to the terms of the new agreement will satisfy the underlying obligation created by the original contract. *Pate v. McCalin*, 769 S.W.2d 356, 362 (Tex. App.—Beaumont 1989, writ denied). Further, "[a] valid accord and satisfaction requires that there *initially be a legitimate dispute between the parties* about what was expected." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000) (emphasis added) (citation omitted).

Hicks does not plausible allege an accord and satisfaction. He does not allege an underlying dispute. Instead, he sent Transamerica an unprompted, unilateral letter containing vague accord and satisfaction language. There is no basis to infer that Transamerica assented to a new contract with Hicks based on his communication. Thus, Hicks fails to state a breach of contract claim.

And he also fails to state a breach of fiduciary duty claim. He has not alleged any facts to show the existence of a fiduciary relationship between Transamerica and himself. *See*, *e.g.*, *D' Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary

7

relationship must exist between the plaintiff and the defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant.") (quoting *Hunt v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 591 (5th Cir. 2015) (quoting *Graham Mort. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App.—Dallas 2010, no pet.)); *see also Garrison Contractors, Inc. v. Liberty Mut. Ins.*, 927 S.W.2d 296, 302 (Tex. App—El Paso 1996) ("There is no general fiduciary duty between an insurer and its insured.") (citing *Caserotti v. State Farm, Ins.*, 791 S.W.2d 561, 565 (Tex. App.—Dallas 1990, writ denied)).

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* Nor is leave to amend required if it would be futile because the court lacks subject matter jurisdiction or because the plaintiff's theory of relief is simply not cognizable. *See, e.g.*, *Isom v. United States*, 2022 WL 2865864, at *3 (E.D. Tex. June 23, 2022) ("Here, the facts as alleged by Plaintiff clearly demonstrate a lack of subject matter jurisdiction in this Court, and her claims lack a rational basis. Thus, granting leave to amend would be futile and cause needless delay."), *rec. accepted* 2022 WL 2865841 (E.D. Tex. July 20, 2022); *Kindricks v. Garland, Police Dep't.*, 2014 WL 5472446, at *4 (N.D. Tex. Oct. 29, 2014) ("Here, Plaintiff's

8

claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.").

In this case, the Court lacks subject matter jurisdiction over Hicks's claims, or, alternatively, they are fatally infirm. Therefore, leave to amend is unwarranted.

## Sanctions Warning

As of March 8, 2024, Hicks has filed 9 civil actions (including this one) in less than a week raising similar claims against different business entities.[4] In all of these cases, the magistrate judge has recommended that his case be dismissed on jurisdictional grounds. Hicks should be warned that if he persists in filing frivolous or baseless cases, or cases over which the Court lacks jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with

---

[4] The cases docketed as of March 8, 2024, include: 3:24-cv-00463-X-BN *Hicks v. TXU Energy*; 3:24-cv-00464-K-BN *Hicks v. Toyota Fin. Services*; 3:24-cv-00465-E-BK *Hicks v. Progressive Leasing LLC*; 3:24-cv-00466-N-BN *Hicks v. Cortland Partners LLC*; 3:24-cv-00467-X-BN *Hicks v. Fairfield Residential*; 3:24-cv-00517-G-BN *Hicks v. Capital Bank*; 3:24-cv-00518-S-BK *Hicks v. Frontier Communications*; 3:24-cv-00519-X-BN *Hicks v. Flagship Credit Assurance*; 3:24-cv-00520-G-BT *Hicks v. Transamerica Life Insurance*.

meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### Recommendation

The Court should dismiss Hicks's claims without prejudice for lack of subject matter jurisdiction, or, alternatively, the Court should dismiss his claims with prejudice under 28 U.S.C. § 1915(e)(2)(B).

Additionally, Hicks should be warned that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, monetary sanctions may be imposed and he may be barred from filing any future lawsuits. FED. R. CIV. P. 11(b)(2) and (c)(1).

Dated March 19, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).